UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALITY

CASE NO:  1:20cv24963

CORA DENISE PETERSON, a North Carolina resident

    Plaintiff,

v.

MSC CRUISES (U.S.A) INC., a Foreign Corporation; and
MSC CRUISES SA CO, a Florida Corporation

    Defendant.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, CORA DENISE PETERSON, by and through her undersigned counsel, and sues the Defendants, MSC CRUISES (U.S.A) INC. (hereinafter referred to as "MSC U.S.A."), and MSC CRUISES SA CO (hereinafter referred to as "MSC SA") and alleges as follows:

**GENERAL ALLEGATIONS**

1. The amount in controversy herein exceeds the sum of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs.

2. At all times material to this Complaint, the Plaintiff, CORA DENISE PETERSON, was a resident of the state of North Carolina.

3. At all times material, the Defendant, MSC U.S.A. is a foreign corporation registered and authorized to do business in the state of Florida and maintains an office and agents in Miami-Dade County where it regularly conducts business.

4. At all times material, the Defendant, MSC SA is a foreign corporation registered and authorized to do business in the state of Florida and maintains an office and agents in Miami-Dade County where it regularly conducts business.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 (2012), because there is diversity of citizenship between the parties.

6. This cause of action is being brought in the District Court for the Southern District of Florida pursuant to the venue selection clause of the Plaintiff's Passenger Cruise Ticket/Contract with the Defendants, MSC U.S.A. and MSC SA.  The Defendants unilaterally insert a forum clause into its cruise tickets that requires its passengers to file cruise – related suits only in this federal district and division, as opposed to any other place in the world.

7. At all times material hereto, the Defendants, MSC U.S.A and MSC SA, personally or through an agent:

   a. Operated, conducted, engaged in or carried on business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8. At all times material hereto, the Defendants, MSC U.S.A and MSC SA, are subject to jurisdiction of the courts of the state of Florida.

9. The Plaintiff, CORA DENISE PETERSON, has complied with all conditions precedent to maintaining this lawsuit, including the pre-suit notice required by the terms and conditions of the Defendants' cruise ticket. (See Notice Letter dated April 2, 2020).

10. On or about February 19, 2020, the Defendant, MSC U.S.A., was the owner of the vessel known as *"MSC Meraviglia"*.

11. On or about February 19, 2020, the Defendant, MSC SA, was the owner of the vessel known as *"MSC Meraviglia"*.

12. On or about February 19, 2020, the Defendant, MSC USA, maintained, controlled and/or operated the vessel known as *"MSC Meraviglia"*.

13. On or about February 19, 2020, the Defendant, MSC SA, maintained, controlled and/or operated the vessel known as *"MSC Meraviglia"*.

14. On or about February 19, 2020, the Plaintiff, CORA DENISE PETERSON, was a fare paying passenger on board the Defendants' vessel *"MSC Meraviglia"*.

15. On February 16, 2020, the Plaintiff, CORA DENISE PETERSON, boarded the *"MSC Meraviglia"* at the Port of Miami, Miami, Florida for a seven (7) day cruise with destination stops at Isla de Roatan, Honduras, Belize City, Belize, Costa Maya, Mexico and Ocean Cay, MSC Marine Reserve, Bahamas.

16. On February 19, 2020, the Defendants, MSC USA and MSC SA, docked the *"MSC Meraviglia"* in the harbor at Belize City, Belize and provided its passengers, including the Plaintiff, CORA DENISE PETERSON, auxiliary ships known as "tenders" to ferry the passengers from the *"MSC Meraviglia"* to shore.

17. On the morning of February 19, 2020, the Plaintiff, CORA DENISE PETERSON, disembarked the *"MSC Meraviglia"* and boarded the tender. At the time of the boarding, the tender was moving up and down and rocking against the *"MSC Meraviglia"* as a result of the rough seas. As the Plaintiff, CORA DENISE PETERSON, was ascending the ladder leading to the second story platform of the tender, the rough seas rocked the tender against the *"MSC Meraviglia"* causing the Plaintiff, CORA DENISE PETERSON, to be thrown

from the ladder to the floor of the tender and suffer serious and permanent injuries.

## COUNT I
### [NEGLIGENCE – MSC CRUISES (U.S.A) INC.]

18. Plaintiff readopts and realleges paragraph 1 through 17 as fully as if said paragraphs were restated herein.

19. At all times material, the Defendant, MSC U.S.A., by and through their agents, servant and/or employee owed all passengers onboard the vessel, "*MSC Meraviglia*", including the Plaintiff, CORA DENISE PETERSON, a non-delegable duty to provide safe transportation, under adequate supervision, to and from the ship to the shore.

20. At all times material, the Defendant, MSC U.S.A., by and through their agents, servant and/or employees breached its duty of care in one or more of the following ways:

   a. Negligently failed to provide support, whether in the form of assistance from an employee or by railings, to prevent Plaintiff from falling once she entered the Defendant's tender;

   b. Negligently failed to provide assistance to travelers, including CORA DENISE PETERSON, ascending to the second story platform during rough seas and/or weather;

   c. Negligently failed to inspect the defendant's tender to ensure it was reasonably safe.

   d. Negligently failed to warn or instruct passengers, including CORA DENISE PETERSON, of the dangers unique to the tender and the process of transferring from ship to tender during rough seas and/or weather.

   e. Negligently failed to adequately monitor the tender to ensure the boats were reasonably safe and that passengers were properly assisted.

   f. Negligently failed to provide adequate crew members to guide and assist

passengers aboard the tender.

    g.    Negligently failed to establish procedures or protocols for the operation of the tender and the ship in the assistance of passengers during the transfer to or from the ship and tender.

    h.    Negligently failed to provide adequate training to the crew of the tender and the ship in the assistance of passengers during transfer on to or from the ship and tender.

    21.    At all times material, the Defendant, MSC U.S.A., knew or should have known the dangerous conditions identified in paragraph 20 existed on February 19, 2020 as the Defendant is experienced in ocean travel and the movement and actions of boats and ships, including the *MSC Meraviglia*, and the tender involved in this action.

    22.    As a direct and proximate result of the negligence of the Defendant, MSC U.S.A, Plaintiff, CORA DENISE PETERSON, was injured in and about her body and/or extremities and/or had an aggravation of a pre-existing condition; suffered pain suffering, physical handicap, expense of hospitalization, rehabilitation, nursing and home care, and other related expenses.  The Plaintiff suffered from disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life; and said injuries are either permanent or continuing in nature and the Plaintiff will continue to experience such losses and impairment into the future.

    **WHEREFORE,** the Plaintiff demands judgment against the Defendant, MSC CRUISES (U.S.A) INC., for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
### [NEGLIGENCE – MSC CRUISES SA CO]

    23.    Plaintiff readopts and realleges paragraph 1 through 17 as fully as if said

paragraphs were restated herein.

24. At all times material, the Defendant, MSC SA, by and through their agents, servant and/or employee owed all passengers onboard the vessel, "*MSC Meraviglia*", including the Plaintiff, CORA DENISE PETERSON, a non-delegable duty to provide safe transportation, under adequate supervision, to and from ship to the shore.

25. At all times material, the Defendant, MSC SA, by and through their agents, servant and/or employees breached its duty of care in one or more of the following ways:

a. Negligently failed to provide support, whether in the form of assistance from an employee or by railings, to prevent Plaintiff from falling once she entered the Defendant's tender;

b. Negligently failed to provide assistance to travelers, including CORA DENISE PETERSON, ascending to the second story platform during rough seas and/or weather;

c. Negligently failed to inspect the defendant's tender to ensure it was reasonably safe.

d. Negligently failed to warn or instruct passengers, including CORA DENISE PETERSON, of the dangers unique to the tender and the process of transferring from ship to tender during rough seas and/or weather.

e. Negligently failed to adequately monitor the tender to ensure the boats were reasonably safe and that passengers were properly assisted.

f. Negligently failed to provide adequate crew members to guide and assist passengers aboard the tender.

g. Negligently failed to establish procedures or protocols for the operation of the tender and the ship in the assistance of passengers during the transfer to or from the ship and tender.

  h. Negligently failed to provide adequate training to the crew of the tender and the ship in the assistance of passengers during transfer on to or from the ship and tender.

  26. At all times material, the Defendant, MSC SA., knew or should have known the dangerous conditions identified in paragraph 25 existed on February 19, 2020 as the Defendant is experienced in ocean travel and the movement and actions of boats and ships, including the *MSC Meraviglia* and the tender involved in this action.

  27. As a direct and proximate result of the negligence of the Defendant, MSC SA, Plaintiff, CORA DENISE PETERSON, was injured in and about her body and/or extremities and/or had an aggravation of a pre-existing condition; suffered pain suffering, physical handicap, expense of hospitalization, rehabilitation, nursing and home care, and other related expenses. The Plaintiff suffered from disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life; and said injuries are either permanent or continuing in nature and the Plaintiff will continue to experience such losses and impairment into the future.

  **WHEREFORE,** the Plaintiff demands judgment against the Defendant, MSC CRUISES SA CO, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

  Dated this 4th day of December, 2020.

        HALPERN SANTOS & PINKERT, P.A.
        150 Alhambra Circle - Suite 1100
        Coral Gables, FL  33134
        Phone: (305) 445-1111
        Fax: (305) 445-1169
        Email: Ernesto@hsptrial.com

        By: *s// Ernesto L. Santos, Jr., Esquire*
          ERNESTO L. SANTOS, JR., ESQUIRE
          Florida Bar No.: 17023

# HALPERN | SANTOS | PINKERT
## TRIAL LAWYERS

150 ALHAMBRA CIRCLE
SUITE 1100
CORAL GABLES, FLORIDA 33134
TELEPHONE (305) 445-1111
FACSIMILE  (305) 445-1169
TOLL FREE  (877) 529-6211
WWW.HSPTRIAL.COM

JAY HALPERN
jay@hsptrial.com

ERNESTO L. SANTOS, JR.
ernesto@hsptrial.com

IAN D. PINKERT
ian@hsptrial.com

JACQUELINE HALPERN
jacqueline@hsptrial.com

FRANK B. HALPERN
frank@hsptrial.com

RANDY C. BOTWINICK
OF COUNSEL

April 2, 2020

**VIA FEDERAL EXPRESS**
MSC Cruises
Attention: LEGAL DEPARTMENT
Avenue Eugène-Pittard 40
CH-1206 Geneva (Switzerland)

    Re:    Our Client:    Denise Peterson
              D/Accident:   02/20/2020
              Vessel:       MSC Meraviglia

Dear Legal Representative:

Kindly be advised that this office represents Denise Peterson in her claim for injuries and damages stemming from a fall incident that occurred on February 20, 2020 while boarding a tender boat in Belize.

The purpose of this letter is to notify MSC of Denise Peterson's intent to pursue a claim against MSC Crociere SA CO and/or the owner of the *MSC Meraviglia* for her injuries suffered from the subject incident.

Accordingly, at this time, we are hereby requesting that you acknowledge receipt and furnish this office within thirty (30) days a statement under oath concerning MSC's insurance coverage (including any excess coverage) on the date of this accident. Please provide the following information:

a.    The complete name of the insured;

b.    The name of each insured;

c.    The limits of your liability coverage (and any excess carrier);

d.    A statement of any policy or coverage defense which you reasonably believe is available to you, as of this date; and

e.    A copy of your policy (and any excess policy).

If we do not hear from you or your insurance company within a reasonable period of time, we will be forced to proceed accordingly to protect our client's interest in this matter.

**In addition, we request that you safeguard critical evidence that we believe exists documenting this incident, specifically including, but not limited to any and all videotape footage.**

It is my understanding that there is surveillance video footage that records all activities in the area where the fall took place. Again, I specifically request that any and all videotape or other similar recordings made of the subject incident, whether or not the incident itself was recorded, be preserved and safeguarded as evidence of the incident.

Please understand any videotape or other similar recorded evidence of the circumstances from my client's incident would be essential to any investigation and/or possible litigation concerning the incident. Further, it is likely that my client's ability to bring a claim for the injuries and damages resulting from his incident will be severely prejudiced without this important evidence. Accordingly, any destruction or loss of this critically important evidence could result in severe sanctions including, but not limited to, civil litigation against your company and/or its employees for spoliation or destruction of evidence.

I also request that you please forward a copy of this videotape footage to our firm, as well as any other documentation of the incident, including but not limited to photographs taken of the scene of the incident and/or of my client, Denise Peterson, and any other videos taken of the scene.

Lastly, Denise Peterson was in the vessel's infirmary on several occasion following the subject incident. At this time, we are requesting that MSC provide our firm with Ms. Peterson's complete medical records in connection with the treatment she received aboard the vessel

If you have any questions, or if there will be any problem complying with my aforementioned request, please contact me immediately. Thank you for your prompt attention and cooperation with this matter.

Sincerely,

Ernesto L. Santos, Jr., Esquire   *for Ernie Santos*

ELSjr/pm
Enclosure



After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stopping places which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, mis-delivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, mis-delivery, non-delivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, weather conditions, mechanical delays, acts of public enemies, war, strike, civil commotion, or acts or omissions of public authorities(including customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com.



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

This invoice must be completed in English

# COMMERCIAL INVOICE

| EXPORTER : | |
|---|---|
| Tax ID# : | |
| Contact Name : JAY HALPERN, ESQUIRE | Ship Date : 02 Apr, 2020 |
| Telephone No. : 3054451111 | |
| E-Mail : ilene@jayhalpernlaw.com | Air Waybill No. / Tracking No. / Bill of Lading : 770158125673 |
| Company Name/Address : | Invoice No. : Purchase Order No. : |
| HALPERN SANTOS & PINKERT, P.A. | |
| 150 ALHAMBRA CIRCLE | |
| SUITE 1100 | |
| | |
| CORAL GABLES FL 33134 | |
| Country/Territory : United States | |
| Parties to Transaction: | |
| ☐ Related ☐ Non-Related | |
| Payment Terms : | |
| Purpose of Shipment : Commercial | |
| CONSIGNEE : | SOLD TO (if different from Consignee) : |
| Tax ID# : | ☑ Same as CONSIGNEE : |
| Contact Name : Atn: Legal Department | |
| Telephone No. : 3054451111 | Tax ID# : |
| E-Mail : | Company Name/Address : |
| Company Name/Address : | |
| MSC Cruises | |
| Avenue Eugene-Pittard 40 | |
| | |
| GENEVA CH1206 | |
| Country/Territory : Switzerland | |
| | Country/Territory : |

If there is a designated broker for this shipment, please provide contact information

Name of Broker     Tel No.     Contact Name

Duties and Taxes Payable by ☑ Exporter ☐ Consignee ☐ Other If Other, please specify

| No. of Packages | No. of Units | Unit of Measure | Description of Goods | Harmonized Tariff Number | Country/Territory of Origin | Unit Value | Total Value |
|---|---|---|---|---|---|---|---|
| | 1.00 | PCS | Commercial - Correspondence/No Commercial Value | | US | 0.000000 | 0.00 |

| Total No. of Packages : 1 | Total Weight (Indicate LBS or KGS) : 1.00 lbs | Terms of Sale : | FCA |
|---|---|---|---|
| Special Instructions : | | Subtotal : | 0.00 |
| | | Insurance : | 0.00 |
| | | Freight : | 0.00 |
| | | Packing : | 0.00 |
| Declaration Statement(s) : | | Handling : | 0.00 |
| These items are controlled by the U.S. Government and authorized for export only to the country of ultimate destination for use by the ultimate consignee or end-user(s) herein identified. They may not be resold, transferred, or otherwise disposed of, to any other country or to any person other than the authorized ultimate consignee or end-user(s), either in their original form or after being incorporated into other items, without first obtaining approval from the U.S. government or as otherwise authorized by U.S. law and regulations. | | Other : | 0.00 |
| I declare that all the information contained in this invoice to be true and correct | | Invoice Total : | 0.00 |
| Originator or Name of Company Representative if the invoice is being completed on behalf of a company or individual : | | Currency Code : | USD |
| Signature / Title / Date | | 02 Apr, 2020 | |

This invoice must be completed in English

# COMMERCIAL INVOICE

**EXPORTER:**
Tax ID#:
Contact Name: JAY HALPERN, ESQUIRE
Telephone No.: 3054451111
E-Mail: ilene@jayhalpernlaw.com
Company Name/Address:
HALPERN SANTOS & PINKERT P.A.
150 ALHAMBRA CIRCLE
SUITE 1100

CORAL GABLES FL 33134
Country/Territory: United States
Parties to Transaction:
☐ Related  ☐ Non-Related

Payment Terms:

Purpose of Shipment: Commercial

Ship Date: 02 Apr, 2020
Air Waybill No. / Tracking No. / Bill of Lading: 770158125673
Invoice No.: Purchase Order No.:

**CONSIGNEE:**
Tax ID#:
Contact Name: Atn: Legal Department
Telephone No.: 3054451111
E-Mail:
Company Name/Address:
MSC Cruises
Avenue Eugene-Pittard 40

GENEVA CH1206
Country/Territory: Switzerland

**SOLD TO (if different from Consignee):**
☑ Same as CONSIGNEE:

Tax ID#:
Company Name/Address:

Country/Territory:

If there is a designated broker for this shipment, please provide contact information
Name of Broker    Tel No.    Contact Name

Duties and Taxes Payable by ☑ Exporter ☐ Consignee ☐ Other  If Other, please specify

| No. of Packages | No. of Units | Unit of Measure | Description of Goods | Harmonized Tariff Number | Country/Territory of Origin | Unit Value | Total Value |
|---|---|---|---|---|---|---|---|
|  | 1.00 | PCS | Commercial - Correspondence/No Commercial Value |  | US | 0.000000 | 0.00 |

| Total No. of Packages: 1 | Total Weight (Indicate LBS or KGS): 1.00 lbs | Terms of Sale: | FCA |
|---|---|---|---|
| Special Instructions: | | Subtotal: | 0.00 |
| | | Insurance: | 0.00 |
| | | Freight: | 0.00 |
| | | Packing: | 0.00 |
| **Declaration Statement(s):** These items are controlled by the U.S. Government and authorized for export only to the country of ultimate destination for use by the ultimate consignee or end-user(s) herein identified. They may not be resold, transferred, or otherwise disposed of, to any other country or to any person other than the authorized ultimate consignee or end-user(s), either in their original form or after being incorporated into other items, without first obtaining approval from the U.S. government or as otherwise authorized by U.S. law and regulations. | | Handling: | 0.00 |
| | | Other: | 0.00 |
| I declare that all the information contained in this invoice to be true and correct | | Invoice Total: | 0.00 |
| Originator or Name of Company Representative if the invoice is being completed on behalf of a company or individual: | | Currency Code: | USD |
| Signature / Title / Date | | 02 Apr, 2020 | |

This invoice must be completed in English

# COMMERCIAL INVOICE

**EXPORTER:**
Tax ID#:
Contact Name: JAY HALPERN, ESQUIRE
Telephone No.: 3054451111
E-Mail: ilene@jayhalpernlaw.com
Company Name/Address:
HALPERN SANTOS & PINKERT, P.A.
150 ALHAMBRA CIRCLE
SUITE 1100

CORAL GABLES FL 33134
Country/Territory: United States
Parties to Transaction:
☐ Related ☐ Non-Related

Payment Terms:

Purpose of Shipment: Commercial

Ship Date: 02 Apr, 2020
Air Waybill No. / Tracking No. / Bill of Lading: 770158125673
Invoice No.: Purchase Order No.:

**CONSIGNEE:**
Tax ID#:
Contact Name: Atn: Legal Department
Telephone No.: 3054451111
E-Mail:
Company Name/Address:
MSC Cruises
Avenue Eugene-Pittard 40

GENEVA CH1206
Country/Territory: Switzerland

**SOLD TO (if different from Consignee):**
☑ Same as CONSIGNEE
Tax ID#:
Company Name/Address:

Country/Territory:

If there is a designated broker for this shipment, please provide contact information
Name of Broker    Tel No.    Contact Name
Duties and Taxes Payable by ☑ Exporter ☐ Consignee ☐ Other If Other, please specify

| No. of Packages | No. of Units | Unit of Measure | Description of Goods | Harmonized Tariff Number | Country/Territory of Origin | Unit Value | Total Value |
|---|---|---|---|---|---|---|---|
| | 1.00 | PCS | Commercial - Correspondence/No Commercial Value | | US | 0.000000 | 0.00 |

| | | | |
|---|---|---|---|
| Total No. of Packages: 1 | Total Weight (Indicate LBS or KGS): 1.00 lbs | Terms of Sale: | FCA |
| Special Instructions: | | Subtotal: | 0.00 |
| | | Insurance: | 0.00 |
| | | Freight: | 0.00 |
| | | Packing: | 0.00 |
| Declaration Statement(s): These items are controlled by the U.S. Government and authorized for export only to the country of ultimate destination for use by the ultimate consignee or end-user(s) herein identified. They may not be resold, transferred, or otherwise disposed of, to any other country or to any person other than the authorized ultimate consignee or end-user(s), either in their original form or after being incorporated into other items, without first obtaining approval from the U.S. government or as otherwise authorized by U.S. law and regulations. | | Handling: | 0.00 |
| | | Other: | 0.00 |
| I declare that all the information contained in this invoice to be true and correct | | Invoice Total: | 0.00 |
| Originator or Name of Company Representative if the invoice is being completed on behalf of a company or individual: | | Currency Code: | USD |
| Signature / Title / Date | | 02 Apr, 2020 | |